UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCENTURE LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06-CV-1270 |
| v. | ) |
| | ) |
| CSDV-MN LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendant CSDV-MN Limited Partnership has filed a Motion to Dismiss plaintiff Accenture LLP's claims for declaratory judgment and breach of contract. For the reasons set forth below, we deny this motion.

## BACKGROUND

Plaintiff Accenture LLP is an Illinois limited liability partnership with its principal place of business in Chicago, Illinois. (Compl. ¶ 1) Defendant CSDV is a Delaware limited partnership and the successor landlord of a Minneapolis office building in which Accenture leased nine floors of space. (Compl. ¶¶ 5-7) The California Teachers Retirement System (CalSTRS), a teacher's retirement fund created by California Education Code § 22001 *et seq.*, is the sole equity member of CSDV-GP, LLC, which is the general partner in CSDV. (Pl's Mem. in Opp. to Mot. to Dismiss at 4) CalSTRS is the limited partner in and contributed 99.5% of CSDV's initial capital. (*Id.*)

On March 8, 2006, Accenture filed a four-count complaint against CSDV, alleging that CSDV had since 2001 overcharged Accenture for Accenture's share of building operating expenses

or, in the alternative, had since 2001 improperly charged Accenture for a portion of real estate taxes attributable to the parking garage space in the office building. (Compl. ¶¶ 6 & 9-15) Accenture seeks declarations in the alternative that each practice is a breach of Accenture's lease. (Compl. ¶¶ 8, 26, & 28) Accenture also brings claims in the alternative for breaches of the lease agreement. (Compl. ¶¶ 16-24, 28, & 33)

CSDV moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. CSDV advances two grounds for dismissal: (1) CSDV, because of its relationship with CalSTRS, enjoys sovereign immunity from suit absent a waiver; and (2) because Accenture did not file an advance claim with the California State Board of Control prior to filing suit, CSDV's sovereign immunity is not waived and remains in effect.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide," and must be conferred upon the federal courts. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may look beyond the complaint to other evidence submitted by the parties. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met. *See Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

A court may grant a motion to dismiss under Rule 12(b)(6) when "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss under

either Rule 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

*A.     Sovereign Immunity Under the California Code*

The California Government Code sets forth a definition of the "public entities" that may be protected by sovereign immunity. (Def's Mem. in Supp. of Mot. to Dismiss at 4) Section 811.2 defines "public entity" to include "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal.Gov.Code § 811.2. (West 2006).

CSDV is not a "public entity" as defined in § 811.2. Even assuming CalSTRS is itself a public entity under the Code, CSDV was established as a limited partnership subject to a series of covenants in its charter documents that keep it separate from CalSTRS. (Ex. C. to Pl's Mem. in Opp. to Mot. to Dismiss) CSDV even explicitly covenanted that it would not "fail either to hold itself out to the public as a legal entity," nor would it hold itself out as a "division or part of any other entity." (*Id.*) CSDV points to no case or any other precedent supporting an extension of § 811.2. That section's plain language does not encompass CSDV, which is in form and substance an independent private limited partnership.

Moreover, the California Government Code does not protect California public entities from liability for breach of contract. *See* Cal.Gov.Code § 814 (West 2006) ("Nothing in this part affects liability based on contract"); *E.H. Morrill Co. v. State of California*, 423, P.2d 551, 555 (Cal. 1967) ("When the state makes a contract it is liable for a breach of its agreement and the doctrine of governmental immunity does not apply.") (citations omitted). Accenture's complaint sounds

entirely in breach of contract: two of the four counts are for breach of contract, and the other two request declarations that CSDV has breached contracts and is prohibited from doing so in the future.

B.     11th Amendment Sovereign Immunity

We also reject CSDV's argument (Def's Mem. at 5) that the Eleventh Amendment bars this suit. The Eleventh Amendment provides, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. The Supreme Court observed in *Alden v. Maine*, 527 U.S. 706, 756 (1999) that the Eleventh Amendment "bars suits against States but not lesser entities." That is, immunity does not, for example, "extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Id.* The question presented here is whether CSDV, a private limited partnership largely owned by a public entity, enjoys California's state sovereign immunity.

Both Accenture and CSDV advance arguments citing *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30 (1994). In *Hess*, two railroad workers sued the Port Authority Trans-Hudson Corporation (PATH), a wholly owned subsidiary of the Port Authority of New York and New Jersey. *Id.* The Court rejected PATH's argument that it was protected from suit by the sovereign immunity accorded the states of New York and New Jersey. *Id.* The Court observed through its discussion of *Lake County Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 400-01 (1979) that it had "consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of 'state power.'" *Hess*, 513 U.S. at 43. Here, there is no indication that CSDV exercises even a slice of state

power.  CSDV does not argue that it functions as an arm of the state of California; indeed, it is involved in this case as the landlord of nine floors of office space in Minneapolis.[1]

The *Hess* Court – as have other courts analyzing Eleventh Amendment claims by state agencies[2] – placed significant emphasis on the financial impact a judgment would have on the state. The Court stated, "[i]f the expenditures of the enterprise exceed receipts, is the State in fact obligated to bear and pay the resulting indebtedness of the enterprise?  When the answer is "No" – both legally and practically – then the Eleventh Amendment's core concern is not implicated." *Id.* at 51.  Here, CalSTRS is the limited partner of CSDV – another private entity, CSDV-GP, LLC is the general partner and the only entity with unlimited financial responsibility for CSDV.  (*See* Ex. C to Def's Mem. at CAL00039)  The partnership agreement states that CalSTRS "shall not be liable for any debts, liabilities, contracts or obligations of the Partnership, except as provided by law.  The Limited Partner shall be liable only to make payments of its Capital Contributions as and when due under this Agreement."  (*Id.*)  Although CalSTRS contributed 99.5% of the total initial capital invested in CSDV, we do not know what amount of money CalSTRS contributed, or whether CSDV now has the resources to independently satisfy any judgment in this case.  What the evidence before us does make clear is that CSDV is a private limited partnership, and its sole general partner is itself

---

[1]  This activity is consistent with the stated business purpose of CSDV.  The limited partnership agreement creating CSDV states:

> Purpose.  The specific business and purpose of [CSDV] is the acquisition, ownership, financing, construction, management, renovation, rehabilitation, operation and leasing of [certain real property]. . . . [CSDV] shall not engage in any business unrelated to the Property and shall not own any assets other than those related to the Property or otherwise in furtherance of the purposes of the Partnership.

(Ex. C to Pl's Mem., at CAL00039)

[2]  *See Hess*, 513 U.S. at 48-51 (discussing cases).

a private limited liability company. Given this structure, we cannot at this point conclude that California would bear the financial burden of a judgment, and we reject CSDV's assertion of Eleventh Amendment immunity.

*C. Section 905 "Presentation" Requirement*

CSDV also argues that Accenture's suit should be barred because Accenture did not file a claim with the California State Board of Control before filing suit. (Def's Mot. to Dismiss at 2) CSDV appears to view the filing of such a claim as a means of securing a "waiver" of sovereign immunity: "[t]here are, however, several statutory prerequisites that must be satisfied before such waiver of sovereign immunity is effective and subject matter jurisdiction attaches to allow a suit to be brought. In part, the waiver requires notice to the California State Board of Control prior to suit." (*Id.*) If that were the case, this argument would be moot: because we find CSDV does not enjoy sovereign immunity in the first place, no waiver would be necessary. However, the sections of the California Government Code discussing this requirement – and the cases discussing those sections – indicate that the purpose of claim presentation is to give notice to the state and local public entities in the interest of avoiding suit altogether. *See* Cal.Gov.Code. § 905 (West 2006); *see also, e.g., Jenkins v. Contra Costa County*, 213 Cal.Rptr. 126, 129 (Cal. Ct. App. 1985) ("The purpose of the claims statute is to allow the public entity to investigate the claim and to decide whether to litigate or settle it."). Nonetheless, § 900 *et seq.* require notice only to "the State" and "local public entities," neither of which are defined to include CSDV.[3] Cal.Gov.Code § 900 *et seq* (West 2006).

---

[3] "Local public entity" is defined as "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State, but does not include the State." Cal.Gov.Code § 900.4 (West 2006). "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." *Id.* at § 900.6.

Therefore, we find Accenture was under no obligation to file an advance claim with the California State Board of Control.

For the foregoing reasons, CSDV's motion is denied.

MARVIN E. ASPEN
United States District Judge

Dated: 9/28/06